COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-154-CV

MICHAEL SCOTT APPELLANT

V.

WICHITA COUNTY AND                 APPELLEES

DORSEY R. TRAPP, IN HIS PERSONAL

AND OFFICIAL CAPACITIES 

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Scott attempts to appeal the order granting Appellees’ plea to the jurisdiction and dismissing his case.  Because Scott’s notice of appeal was not timely filed, we will dismiss the appeal for want of jurisdiction.

The trial court signed the judgment on February 2, 2007.  Scott’s motion for new trial was due March 5, 2007, but was not given to prison officials to mail until March 19, 2007, and was not filed until March 23, 2007.  Consequently, Scott’s motion for new trial was untimely, and the mailbox rule does not apply because the motion for new trial was filed nineteen days late and mailed fourteen days late.  
See
 
Tex. R. Civ. P.
 21a.  Thus, Scott’s untimely motion for new trial did not extend his deadline for filing his notice of appeal, which was due March 5, 2007, but was not filed until May 7, 2007.

Because Scott’s notice of appeal appeared untimely, we notified him on  May 17, 2007, of our concern that this court may not have jurisdiction over the appeal and informed him that unless he or any party desiring to continue the appeal filed with this court a response on or before May 21, 2007, showing a reasonable explanation for the late filing of the notice of appeal, this appeal would be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 10.5(b), 26.3(b), 42.3(a).  Scott responded on May 21, 2007, that the prison unit that he was assigned to “had a disturbance after [his] attendance at a hearing held in the case on January 31, 2007.  So the motion for new trial [that he] filed was late getting to [the] trial court clerk.”

Thereafter, we sent a letter to Scott requesting that he provide this court with the date that he gave his motion for new trial to the prison authorities for forwarding to the trial court clerk and that his response be supported by an unsworn declaration that complied with chapter 132 of the Texas Civil Practice and Remedies Code.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 132.001-.003 (Vernon 2005).  Scott responded that he handed his motion to the prison authorities on March 19, 2007.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P.
 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).  Because the mailbox rule does not apply to extend the time for filing Scott’s motion for new trial and because Scott’s notice of appeal was therefore not timely filed, we dismiss this appeal for want of jurisdiction.  
See 
Tex. R. App. P.
 42.3(a), 43.2(f).

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: July 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.